UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

KEVIN DION ROLLE JR., :
:
                Plaintiff, :
: **MEMORANDUM**
     - against – : **AND ORDER**
:
METROPOLITAN DETENTION CENTER : 21-CV-4563 (LDH) (RLM)
BROOKLYN; FEDERAL BUREAU OF :
PRISONS; UNITED STATES :
DEPARTMENT OF JUSTICE, :
:
               Defendants. :
------------------------------------------------------------ X
BRIAN M. COGAN, United States District Judge:

     Plaintiff, formerly incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York,[1] filed this civil rights complaint on August 11, 2021, alleging that he has not received adequate mental health care at the MDC. On August 25, 2021, plaintiff made supplemental allegations. He seeks damages and an order of this Court transferring him to the Federal Medical Center ("FMC") in Devens, Massachusetts, a different Bureau of Prisons facility. He sues the MDC, the Federal Bureau of Prisons ("BOP"), and the United States Department of Justice ("DOJ"). Plaintiff's request to proceed *in forma pauperis* is granted solely for the purpose of this Order. For the reasons set forth below, the action is dismissed with leave to file an amended complaint within 30 days of the date of this Order.

---

[1] Plaintiff is now incarcerated at FCI Hazelton. Although it is plaintiff's obligation to keep the Court informed of his current address, as a courtesy to the *pro se* plaintiff, the Clerk of Court is directed to update the docket to reflect plaintiff's address: FCI Hazelton, P.O. Box 5000, Bruceton Mills, WV 26525.

1

## BACKGROUND

Plaintiff alleges that, since May 2021, MDC "is not meeting it[]s duty of care obligations to provide sufficient mental health treatment in violation of my civil rights and federal prisoner rights." He alleges that his mental health is "deteriorating." He seeks a "court order transferring [him] to FMC Devens." He names as defendants MDC, the BOP, and the DOJ. These are the sole allegations of the complaint; there are no other factual allegations or information.

On August 25, 2021, plaintiff submitted a "Supplement to Initial Complaint" that, given plaintiff's *pro se* status, the Court liberally construes as augmenting, not replacing, the complaint. In the supplement, plaintiff asserts three additional grounds for relief: (1) defendants failed to protect him from a known risk of a violent attack by a MS-13 gang member that resulted in a "skull left orbital wall fracture" and six days hospitalization; (2) the Bureau of Prison's failure to place him in a level 3 facility despite his assignment thereto because of a stomach cancer diagnosis constitutes deliberate indifference to his serious medical needs; and (3) extended lockdowns without access to showers and no access to an outlet for his CPAP machine for his sleep apnea are unconstitutional conditions of confinement. He seeks thirty million dollars in damages and transfer to the FMC in Devens.

## STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of

frivolous prisoner complaints is not only permitted, but mandatory). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Court construes plaintiff's *pro se* pleadings liberally, particularly because they allege civil rights violations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, while courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (internal quotation marks omitted) (citations omitted), a complaint must plead enough facts "accepted as true, to state a claim to relief that is plausible on its face," *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted) (citation omitted). Similarly, a complaint is insufficient to state a claim "if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. (internal quotation marks omitted) (citation omitted).

## DISCUSSION

**A**. ***Bivens***

The Court liberally construes the action as arising under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[2] alleging that defendants showed deliberate indifference to his medical needs by failing to provide adequate medical health treatment and treat him as a level 3 prisoner; failed to protect him from a violent inmate attack; and subjected him to unconstitutional conditions of confinement. He names as defendants two federal agencies, DOJ and the BOP, and a facility operated by the BOP, the MDC.

A *Bivens* action, based upon alleged constitutional violations by federal officials, may be brought against the federal officers involved in their individual capacities. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 509 (2d Cir. 1994). However, a *Bivens* claim against a federal agency or federal employees sued in their official capacities is precluded, as an action against a federal agency is essentially a suit against the United States, and *Bivens* actions against the United States are barred under the doctrine of sovereign immunity. *See id.* at 510 ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived."); *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 483–86 (1994) (*Bivens* does not imply cause of action against the federal government or its agencies). Accordingly, plaintiff's *Bivens* claim against the federal agencies named as

---

[2] Plaintiff submitted his complaint on a form designed to be used in civil rights actions pursuant to 42 U.S.C. § 1983 available on this district's website. However, since plaintiff is suing federal officials, not state actors, his claim is properly considered under *Bivens*, not § 1983. *Hartman v. Moore*, 547 U.S. 250, 254, n. 2 (2006) (a *Bivens* action is the federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.")

defendants, the BOP, its facility the MDC, and the DOJ, is dismissed on the grounds of sovereign immunity. 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B)(iii); *Robinson*, 21 F.3d at 510; *Newton v. Bureau of Prisons*, 10-CV-5046, 2011 WL 1636259, at *3 (E.D.N.Y. Apr. 28, 2011); *Peeples v. Fiorito*, No. 3:19-CV-868, 2020 WL 4050248, at *5 (N.D.N.Y. July 20, 2020), report and recommendation adopted sub nom. *Peeples v. FBI Agent Chris Fiorito*, No. 3:19-CV-868, 2020 WL 6128167 (N.D.N.Y. Oct. 19, 2020) (although a plaintiff may bring a *Bivens* action against a federal agent who engages in unconstitutional conduct under color of his authority, a lawsuit cannot be maintained against the agency for which the official works, such as the DOJ, which generally enjoys sovereign immunity from suit.).

However, given his *pro se* status, plaintiff is granted thirty (30) days to file an Amended Complaint against any individuals setting forth factual allegations regarding the conduct or events that give rise to his *Bivens* claim(s), when and where the event(s) occurred, and the federal government official(s) involved in that conduct or those events. He must also allege in specific terms how each named defendant is involved. He should also inform the Court if he was a pretrial detainee or if he was incarcerated pursuant to a conviction when the events occurred. There can be no liability under *Bivens* unless there is some affirmative link between a defendant's actions and the claimed deprivation. Furthermore, vague, or conclusory allegations of official participation in civil rights violation are not sufficient.

B. **Federal Tort Claims Act**

The Court has considered whether the complaint could be construed as asserting a Federal Tort Claims Act claim and find that it does not. The Federal Tort Claims Act governs claims for money damages "for injury ... caused by the negligent or wrongful act or omission" of a federal agency or federal employee, 28 U.S.C. §§ 1346(b), 2671–2680 (the "FTCA). The

5

FTCA requires that a tort claim against the United States first be presented for administrative resolution to the appropriate federal agency, in this case the BOP, and receive a written denial. *See* 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993).

Here, plaintiff fails to allege that he has submitted a tort claim to the Bureau of Prisons and that the claim was exhausted. *See Page v. United States Agency for Glob. Media*, 797 F. App'x 550, 556 (2d Cir. 2019) (summary order). If plaintiff has administratively exhausted a tort claim with the BOP and wishes to file a FTCA claim, he should amend his complaint, naming the United States as the defendant. Under 28 U.S.C. § 2401 (a), a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate agency within two years after such claim accrues." If the agency fails to respond within six months of the claim's submission, the FTCA claimant may file suit in district court within six months of the denial. 28 U.S.C. § 2675 (a); 28 U.S.C. §2401(b).

## CONCLUSION

Accordingly, the complaint is *sua sponte* dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B). Plaintiff's request for *pro bono* counsel is denied without prejudice.

However, plaintiff is afforded thirty days leave to file an amended complaint if he can, in good faith, (1) assert a *Bivens* claim against an individual federal officer(s) or (2) if he has exhausted administrative claims against the United States, assert an FTCA claim that names the United States as defendant.

If plaintiff chooses to file an Amended Complaint, he must do so within thirty days of this Order. The Amended Complaint must be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order: 21-CV-4563 (LDH)(RLM). Plaintiff is advised that the

Amended Complaint will replace his Complaint in its entirety. To aid plaintiff with this task, the Clerk of Court is respectfully requested to provide a "Prisoner Civil Rights Complaint" form to plaintiff.

If plaintiff fails to submit an Amended Complaint within thirty days, or if the Amended Complaint does not comply with this Order, judgment dismissing this action shall be entered.

The Clerk of Court is directed to mail a copy of this Order to plaintiff at FCI Hazelton, P.O. Box 5000, Bruceton Mills, WV 26525 and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Digitally signed by Brian M. Cogan
_____
BRIAN M. COGAN
United States District Judge

Dated: Brooklyn, New York
       April 12, 2022